IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMIE LOPEZ, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> NORTH AMERICAN COMPANY FOR § <br> LIFE AND HEALTH INSURANCE and § <br> BESTOW AGENCY, LLC, § <br> § <br> *Defendants*. § | C.A. No. 3:24-cv-567 |

**NOTICE OF REMOVAL**

North American Company for Life and Health Insurance ("North American"), erroneously identified in the Plaintiff's original state court petition and citation caption as "North American Company Life and Health d/b/a North American North American Company," for the purpose only of removing this cause to the United States District Court for the Northern District of Texas, Dallas Division, alleges and states as follows:

**1.    State Court Action.** The plaintiff, Jamie Lopez ("Plaintiff"), filed this action on February 6, 2024 in Dallas County, Texas, assigned Cause Number CC-24-00980-B, naming this removing defendant, North American, as a defendant in the action (erroneously identified as "North American Company Life and Health d/b/a North American North American Company"), and also naming Bestow Agency, LLC as a purported defendant (referred to as the "State Court Action"). *See* Original Petition and Citation to North American (Removal Exhibit 3) (Bates-numbering supplied).

In her action, Plaintiff alleges that a $950,000 life insurance policy issued by North American on the life of her now deceased spouse, Alexander Lopez, was wrongfully declared subject to rescission on the grounds of intentional, material misrepresentations as a result of the

**NOTICE OF REMOVAL** – Page 1

contestability review and investigation conducted after Plaintiff submitted her claim for death benefits within the two-year contestability period. Petition, ¶¶ 8-15 (common factual allegations); and *id*., ¶¶ 16-46 (allegations in support of the specific counts).

Specifically, Plaintiff disputes that Alexander Lopez misrepresented and concealed any of his personal or medical history in the application submitted to North American in furtherance of his request for life insurance coverage; challenges the propriety of the contestability and claims investigation and review that was conducted; and contends that the claim for benefits was erroneously denied on the basis of rescission. *Id*., ¶¶ 11-12.

Based on these core factual allegations, Plaintiff asserts seven claims for relief in support of her claimed entitlement to the $950,000 in disputed insurance proceeds, as well as additional compensatory damages, punitive damages, and attorneys' fees. *Id*., WHEREFORE Clause. Plaintiff asserts these claims not only against North American (the issuer of the life insurance policy and sole obligor for any potential death benefit proceeds), but also against North American's administrative agent (Bestow Agency, LLC), based on collectivized allegations that "Defendants, North American and Bestow" are responsible for the challenged conduct and Plaintiff's claimed damages. *Id*., ¶¶ 12, 15, 17, 24-25, 27-29, 33, 35-38, and 40-46.

2. **Diversity of Citizenship.** This action is removable pursuant to 28 U.S.C. §1441. Plaintiff is now and was at the time of the filing of the State Court Action a citizen of the State of Texas. *Id*., ¶ 2. North American is now and was at the time of the filing of the State Court Action an Iowa domiciled insurance company with its principal place of business in West Des Moines, Iowa, and accordingly, is a citizen of the State of Iowa. *Id.,* ¶ 3. Accordingly, there is complete diversity between Plaintiff and North American.

Because there is and was complete diversity of citizenship between Plaintiff and North American at the time of filing suit and at the time of removal, this Court has jurisdiction pursuant to 28 U.S.C. §1332, as the true parties in this action are diverse. While the original petition in the State Court Action (referred to as the "Complaint") purports to name Bestow Agency, LLC ("Bestow Agency"), as a defendant, this Court should disregard the citizenship of Bestow Agency based on the doctrine of improper joinder. *See* § 3, *infra*.

The amount in controversy in the State Court Action exceeds the sum of $75,000.00, exclusive of interest and costs, as Plaintiff expressly demands entitlement to recover "over $1,000,000" against the named defendants, including $950,000 in alleged "contractual benefits," plus attorneys' fees, compensatory damages for alleged "emotional distress, mental anguish and acute psychic trauma," alleged entitlement to statutory and exemplary damages, and alleged entitlement to pre- and post-judgment interest. *See* Removal Exhibit 3, Bates 40, 51; Complaint, ¶¶ 7, 56. Based on Plaintiff's express allegations, and without admitting the accuracy or validity of those allegations, removal to this Court is proper.

3. **Improper Joinder**. The improperly joined defendant Bestow Agency is comprised of a single member, Bestow, Inc., a Delaware corporation, and the principal place of business of Bestow, Inc. is located in Dallas, Texas. *See* Jeremy Bill Declaration, ¶ 2 (Removal Exhibit 1). However, this Court should disregard Bestow Agency's Texas citizenship, as Bestow Agency has been improperly joined for the sole purpose of depriving this Court of diversity jurisdiction and to prevent removal to this Court.

There are two separate, alternative methods of demonstrating improper joinder, either by establishing "that (1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant

that he properly alleges is nondiverse." *Int'l Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (emphasis original). *Accord Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 572-73 (5th Cir. 2004) (*citing Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Since Bestow Agency is, in fact, a citizen of the State of Texas, only the second method of establishing improper joinder applies here. *Int'l Energy Ventures Management*, 818 F.3d at 199.

This applicable, second test is met when "'the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Id*. at 205 (quoting *Smallwood*, 385 F.3d at 573). That question, in turn, is resolved in one of two ways: "'The court may [either] conduct a Rule 12(b)(6)-type analysis … [or], in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Id*. at 207 (quoting *Smallwood*, 385 F.3d at 573) (bracketed verbiage in the original).

When applying this Rule 12(b)(6)-type analysis under the first test, the district courts must consider whether, reviewed under the prism of the federal pleading standards, the plaintiff has "pleaded 'enough facts to state a claim to relief [against the non-diverse defendant] that is plausible on its face.'" *Id*. Pursuant to the "pierce the pleadings" analysis under the second, alternative test, when a "plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder," improper joinder turns on "'the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.'" *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *2 (N.D. Tex. Jul. 12, 2010) (*quoting Smallwood*, 385 F.3d at 573-74).

In this instance, regardless whether the first or second test for improper joinder is applied by this Court, Bestow Agency has been improperly joined in this action.

### A. The Complaint Demonstrates There is "No Reasonable Basis for the District Court to Predict" that Plaintiff "Might be Able to Recover Against" Bestow Agency, Who Played No Role in the Facts Giving Rise to Plaintiff's Claims.

#### 1. Summary of Factual Allegations

Plaintiff has asserted seven claims against North American and Bestow Agency, each resting entirely upon a challenge to the propriety of the investigation, evaluation, and denial of her claim for death benefits under a $950,000 life insurance policy issued on the life of her deceased spouse, Alexander Lopez, including: (1) alleged breach of contract (Complaint, ¶¶ 16-17); (2) alleged violations of the Texas Insurance Code (*id.*, ¶¶ 18-25); (3) alleged violations of the Texas Deceptive Trade Practices Act (*id.*, ¶¶ 26-29); (4) alleged breach of the duty of good faith and fair dealing (*id.*, ¶¶ 30-33); (5) alleged negligence (*id.*, ¶¶ 34-38); (6) alleged negligent misrepresentation (*id.*, ¶¶ 39-44); and (7) alleged intentional infliction of emotional distress (*id.*, ¶¶ 34-46).

Each claim is premised upon collective allegations of wrongful conduct asserted indiscriminately against North American and Bestow Agency, asserting that the investigation, evaluation, and denial of Plaintiff's claim for death benefits was erroneous and contrary to the statutory and common law obligations enumerated in the Complaint. *Id*. *See also id*., ¶¶ 8-15 (common factual allegations underlying each claim). As will be demonstrated, multiple improvident joinder decisions confirm that such collectivized, indiscriminate allegations against the insurance company and its agent provide *no* basis for a district court to predict that a plaintiff might recover against the non-diverse insurance agent defendant. *See*, *e.g.*, *Garcia v. Metropolitan Life Ins. Co.*, No. 1:19-cv-113, 2019 WL 4280098, at *3 (S.D. Tex. Aug. 16, 2019) (citing *Iqbal v. Ashcroft*, 556 U.S. 662, 679 (2009)); *Art Dallas, Inc. v. Federal Ins. Co.*, No. 3:21-CV-2626-D,

2022 WL 221231, at *4, *6 (N.D. Tex. Jan. 25, 2022); *PSG-Mid Cities Med. Center, LLC v. Jarrell, et al.,* No. 3:20-CV-02477-E, 2020 WL 7398782, at *2 (N.D. Tex. Dec. 17, 2020); *Baird v. Sullivan*, No. 1:18-CV-357, 2019 WL 13210549, at *5 (E.D. Tex. Mar. 27, 2019); *TAJ Props., LLC v. Zurich Am. Ins. Co.*, No. CIV.A. H-10-2512, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* H–09–1728, 2009 WL 3602043, at *4 (S.D. Tex. Oct.27, 2009)); and *Dean v. State Farm Lloyds*, No. 5:16-CV-1321-DAE, 2017 WL 5197872, at *6 (W.D. Tex. Jun. 13, 2017).

Plaintiff refers collectively to "the Defendants" no fewer than thirty-six (36) times in the Complaint, *e.g.*, ¶¶ 12, 17, 24, 25, 27-29, 33, 35-38, 40-45; and each allegation of misfeasance and malfeasance asserted in support of the seven causes of action indiscriminately attributes the alleged acts and omissions collectively to "North American and Bestow," without distinguishing between the two defendants. Complaint, ¶¶ 15, 17, 24, 27, 28, 33, 35-38, 40-44, 46.[1] There is not a single

---

[1] *See* Complaint at ¶ 17 (alleging in support of the cause of action for breach of contract that "*Defendants North American and Bestow* have refused to process the claim"); *id*. at ¶ 24 (alleging that "*Defendants North American and Bestow* violated the Texas Insurance Code," and that "*Defendants North American and Bestow* engaged in unfair claims settlement practices"); *id*. at ¶ 25 (alleging that "*Defendants'* actions and omissions set forth above violated the Texas Insurance Code …."); *id*. at ¶ 27 (alleging that "*Defendants North American and Bestow* have violated the Deceptive Trade Practices Act …."); *id*. at ¶ 28 (alleging that the "acts and omissions of *Defendants North American and Bestow* violated the Texas DTPA," that "*Defendants North American and Bestow* engaged in deceptive practices and an unconscionable course of action," and that *Defendants North American and Bestow* used or employed acts or practices in violation of Chapter 54, Texas Insurance Code"); *id*. at ¶ 29 (alleging that "*Defendants' actions and omissions* … violated the Texas DTPA"); *id*. at ¶ 33 (alleging in support of the claim for breach of the duty of good faith and fair dealing that "*Defendants North American and Bestow* have delayed payment of Plaintiff's claim," constituting "a breach of *Defendants North American and Bestow's* duty of good faith and fair dealing …."); *id*. at ¶¶ 35-38 (alleging in support of the cause of action for negligence that "*Defendants North American and Bestow* each failed to exercise the degree of care that should have been exercised," that "*Defendants North American and Bestow* failed to exercise the degree of care expected from an ordinary man," that "*Defendants'* acts of misconduct include … failing to conduct a reasonable investigation," that "*Defendants North American's and Bestow's* actions and omissions … constitute negligence," and that "*Defendants North American and Bestow* each acted with gross neglect"); *id*. at ¶ 40 (alleging in support of the cause of action for negligent misrepresentation that "*Defendants North American and Bestow* each made misrepresentations to the Plaintiff"); *id*. at ¶¶ 41-44 (alleging in support of the cause of action for negligent misrepresentation that "*Defendants North American and Bestow* each supplied false information," that "*Defendants North American and Bestow* did not exercise reasonable care or

allegation in the Complaint distinguishing the purported misconduct attributed to Bestow Agency from the purported misconduct attributed to North American, or otherwise attributing any particular act or omission specifically to Bestow Agency.

### 2. Plaintiff's Collectivized Allegations Against "the Defendants" Provide No Basis to Predict Plaintiff Might be Able to Recover Against Bestow Agency.

"Whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Garcia,* 2019 WL 4280098 at *3 (citing *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009)). Such a review of the Complaint in this action confirms there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover" against Bestow Agency. Indeed, scrutiny of the Complaint and its exhibits demonstrates that Bestow Agency played no role whatsoever in the challenged investigation, evaluation, and denial of the claim for benefits. *Smallwood*, 385 F.3d at 573.

A plaintiff must "'plead[] factual content that allows the court to draw the reasonable inference that [Bestow Agency] is liable for the misconduct alleged,'" and where Plaintiff's collective allegations "'do not permit the court to infer more than the mere possibility of misconduct [by Bestow Agency], the complaint has alleged – but it has not "shown" – "that the pleader is entitled to relief."'" *Garcia*, 2019 WL 4280098 at *3 (*quoting Iqbal*, 556 U.S. at 679 and Fed. R. Civ. P. 8(a)(2)). There are three aspects of the Complaint demonstrating the absence of any "reasonable basis for the district court to predict that the plaintiff might be able to recover" against Bestow Agency.

---

competence," that "*Defendants North American and Bestow* misrepresented," and that "*Defendants North American and Bestow's* negligent misrepresentations" caused Plaintiff harm); *id*. at ¶ 46 (alleging in support of the cause of action for intentional infliction of emotional distress that "*Defendants North American and Bestow's* conduct … was reckless, extreme, and outrageous"); and *id*. at ¶¶ 51-52 (alleging in support of claim for statutory damages that "the conduct of *North American and Bestow* was committed knowingly" and "intentionally"). All italicized emphases in this Notice of Removal are supplied by North American; emphases in bold-type font is found in the original quoted documents.

First, the Complaint acknowledges that North American (not Bestow Agency) issued the subject life insurance policy, acknowledging that Bestow Agency merely served as an administrative agent for North American. Complaint, ¶ 8.

Second, the Complaint attaches a copy of the life insurance contract, which identifies Alexander Lopez and North American as the only two parties to the contract, and identifying North American as solely liable for paying any potential death benefits. Conversely, Bestow Agency is *not* a party to the insurance contract. *See* Complaint, Exhibit A (Removal Exhibit 3, Bates 55-64).[2]

To the contrary, the cover page of the contract expressly provides, "In this Policy, North American Company for Life and Health Insurance is referred to as the *'Company*,'" that the *"Company* agrees to pay" any death benefits payable to a beneficiary, and that the policy was "[i]ssued and signed by North American Company for Life and Health Insurance." *Id*., Bates 55. *See also id*. at Bates 59, Policy, § 2.2, **PROCEEDS PAYABLE** ("If the Insured dies while the Policy is in effect, *the Company* will pay the Policy Proceeds to the Beneficiary upon receipt at the Administrative Office of due proof of the Insured's death acceptable to *the Company* and any other information *the Company* may reasonably require to process the payment of the Policy Proceeds."); *id*. at Bates 60, Policy, § 3.1.1, **ENTIRE CONTRACT** (confirming the "entire contract between You and *the Company* consists of this Policy"); and *id*., Policy, § 3.3, **INCONTESTABILITY** (confirming the *"Company"* is responsible for making contestability decisions, requiring the beneficiary to cooperate during "any contestable investigation conducted *by the Company*").

---

[2] North American does not concede that Plaintiff has attached a complete and accurate copy of the subject life insurance policy to the Complaint. However, for purposes of removal, North American has limited its discussion of the contract to the incomplete version attached to the Compliant at Exhibit A. *See* Removal Exhibit 3, Bates 55-64. The omitted contents of the contract (including the application for the insurance that was attached to and made a part of the original contract) are immaterial to the determination of Bestow Agency's improper joinder in this action.

Third, the claim forms attached to the Complaint and the claims letters quoted throughout the Complaint reflect that *North American* alone (not Bestow Agency) denied the Plaintiff's claim for benefits and communicated *North American's* conclusion that the policy was subject to rescission. *See* December 7, 2022 Claims Acknowledgment Letter – North American Claims Department (Complaint, Exhibit B, Removal Exhibit 3, Bates 67); North American HIPAA Authorization (*id*. at Bates 68); North American Claim Form (*id*. at Bates 69-71); and North American Fraud Disclosures (*id*. at Bates 74-75). *See also* Complaint, ¶¶ 10-12, 24, 28, and 43 (each quoting claims correspondence with Michelle Hopley, North American's Vice President of Claims); Removal Exhibits 2.A and 2.C, Bates 5-17 and 21-34 (April 28, 2023 and December 13, 2023 Letters).

Bestow Agency is not even *referenced* in these claims letters and claims forms, much less identified as the *author* of those communications and documents. *Id*. Because each of Plaintiff's claims rests entirely upon a challenge to the propriety of the claim investigation, evaluation, and decision, and because there is not a single allegation that Bestow Agency –in particular– undertook any of the alleged misfeasance and malfeasance challenged in the Complaint, "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against'" Bestow Agency on any of the seven claims. *Smallwood*, 385 F.3d at 573.[3]

---

[3] Such contracts and documents that are referenced in the Complaint and that are central to the Plaintiff's claims for relief are properly considered by this Court in ascertaining whether any plausible claim for relief has been asserted against Bestow Agency. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000). Further, the actual contents of such documents trump any contrary characterizations of the documents asserted in the narrative paragraphs of the Complaint. *See Carter v. Target Corp*., 541 Fed. Appx. 413, 417 (5th Cir. 2013); *Associated Builders, Inc. v. Alabama Power Co*., 505 F.2d 97, 100 (5th Cir. 1974); *Martinez v. Reno*, No. 3:97-CV-0813-P, 1997 WL 786250, at *2 (N.D. Tex. Dec. 15, 1997). These federal rules of pleading are applied when conducting an improper joinder analysis. *Vandelay Hospitality Group LP v. Cincinnati Ins. Co*., No. 3:20-CV-1348-D, 2020 WL 4784717, at *2 (N.D. Tex. Aug. 18, 2020).

<u>NOTICE OF REMOVAL</u> – Page 9

Multiple courts have held that such collective allegations asserted indiscriminately against an insurance company and its non-diverse agent challenging the denial of a claim for benefits provide no basis for a district court to predict the plaintiff's ability to recover against that non-diverse agent, rendering the agent's joinder improper as a matter of law. *See, e.g., Art Dallas,* 2022 WL 221231 at *4, *6 (N.D. Tex., Jan. 25, 2022) (denying remand motion based on the improper joinder of an insurance agent in a coverage dispute, holding that plaintiff's "factual allegations related to the denial of the claim group [the defendants] together. These collective, undifferentiated allegations do 'not satisfy the requirement to state specific actionable conduct against the non-diverse defendant,'" particularly in the "absence of any factual allegations that support a reasonable inference that [the non-diverse agent] himself had the authority to settle or pay the claim"); *PSG-Mid Cities Med. Center*, 2020 WL 7398782 at *2 (N.D. Tex., Dec. 17, 2020) (same because the "allegations [against the non-diverse agent] must be enough to raise a right to relief above a speculative level"); *Baird,* 2019 WL 13210549 at *7 (E.D. Tex. Mar. 27, 2019) (same, holding: "In support of his claims against the Adjuster Defendants, however, [plaintiff] does not contend that [the non-diverse insurance agents] have committed any misconduct distinct from that alleged against [the insurance company]); *TAJ Props., LLC*, 2010 WL 4923473 at *4 (S.D. Tex., Nov. 29, 2010) (same, holding: "Allegations merely asserted against 'Defendants,' without alleging what facts are attributed to the adjuster individually as opposed to the insurance company, do not provide a reasonable basis for recovering from the adjuster."); *Dean*, 2017 WL 5197872 at *6 (W.D. Tex. Jun. 13, 2017) (same, because the collectivized allegations "ascribe[d] conduct to State Farm, … but not to [the non-diverse insurance agent]").

Confronted with collective allegations indiscriminately lumping together the alleged malfeasance of the insurance company and its agent, district courts "simply cannot make a

reasonable inference that [the non-diverse insurance agent] may be liable for the misconduct alleged, which is the standard Plaintiff needs to meet to survive a motion to dismiss and to result in a finding of proper joinder." *State Farm Lloyds*, 2017 WL 5197872 at *8.

Plaintiff's collective allegations against Bestow Agency and North American demonstrate Bestow Agency's improper joinder in this action. Complaint, ¶¶ 12, 15, 17, 24-25, 27-29, 33, 35-38, 40-46. As a result, Bestow Agency's Texas citizenship may be ignored; there is complete diversity between Plaintiff and the sole, properly named defendant, North American; and removal to this Court is proper. *Art Dallas,* 2022 WL 221231 at *6.

> B. **Even If Plaintiff *Had* Pleaded Facts Showing Bestow Agency's Involvement in the Claim Investigation, Evaluation, and Denial, An Insurance Agent is Not Liable for Participating in the Claims Process within the Scope of Its Agency**.

There is a second reason the Complaint provides "no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Bestow Agency. *Smallwood*, 385 F.3d at 573. Even where a plaintiff *has* alleged facts specifically attributed to the non-diverse insurance agent in a complaint challenging the denial of a claim for benefits (though there are no such allegations here), there is no potential liability absent an allegation that the agent was acting outside the scope of his authority. *See, e.g., Vandelay*, 2020 WL 4784717 at *3, *5; *Fiberco, Inc. v. Acadia Ins. Co.*, No. 3:22-CV-00525, 2022 WL 16815126, at *1-2 (N.D. Tex. Nov. 7, 2022); *Baird*, 2019 WL 13210549 at *9 (each holding that an agent is not independently liable to the plaintiff in a coverage dispute based on alleged acts or omissions committed during the course of its agency). Here, not only is there no allegation that Bestow Agency acted outside the scope of its agency, but the Complaint expressly alleges the *opposite*, alleging that Bestow Agency was "*at all times operating and acting within the purpose and scope* of said agency" for North American. *See* Complaint, ¶ 15.

While it is *possible* for an insurance agent to be held liable for common law torts and violations of the Texas Insurance Code, this does not excuse a plaintiff's failure to allege facts against the non-diverse defendant necessary to support the asserted claims. The absence of such allegations renders the agent's joinder as a defendant improper. *See, e.g., Baird*, 2019 WL 13210549 at *5-7; *Moore v. Travelers Indem. Co.*, No. 3:10-CV-1695-D, 2010 WL 5071036, at *5 (N.D. Tex. Dec. 7, 2010). Accordingly, for this second reason, Bestow Agency has been improperly joined in this action and removal is appropriate. *Art Dallas,* 2022 WL 221231 at *6.[4]

### C. Piercing the Pleadings Reveals "Discrete and Undisputed Facts" Demonstrating Plaintiff Has "No Possibility of Recovery" Against Bestow Agency.

North American has satisfied the first alternative test for determining improper joinder by demonstrating "'there is no reasonable basis for the district court to predict that the plaintiff might be able to recover'" against Bestow Agency, based upon a "Rule 12(b)(6)-type analysis." *Int'l Energy Ventures Management*, 818 F.3d at 205 (quoting *Smallwood*, 385 F.3d at 573). *See §§* A and B, *supra*. Since satisfying *either* test establishes improper joinder, there is no need to consider additional facts outside the Complaint. *Smallwood,* 385 F.3d at 573-74. However, if this Court nonetheless exercises its discretion to consider the second, alternative path for "pierc[ing] the pleadings and conduct[ing] a summary inquiry," such an inquiry reveals "misstated [and] omitted discrete facts" further demonstrating Bestow Agency's improper joinder in this action. *Id.* at 574.

The improper joinder doctrine empowers the "federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction." *Vandelay*, 2022 WL 16815126 at *2 (citing *Smallwood*, 385 F.3d at 576).

---

[4] North American's notice of removal does not set forth a comprehensive recitation of all of the multiple, substantive deficiencies in the claims asserted against Bestow Agency (and North American), as the grounds for removal asserted in this pleading provide more than a sufficient basis to demonstrate this Court's jurisdiction. North American reserves the right to challenge any and all pleading deficiencies in subsequent motion practice.

Consistent with this purpose, if a plaintiff has misstated or omitted key facts from the complaint demonstrating the improper joinder of a diversity-destroying defendant, the Court may pierce the pleadings and consider those facts upon removal. *Smallwood,* 385 F.3d at 574.

Contrary to Plaintiff's collective allegations that "the Defendants, North American and Bestow" participated in the claims investigation, evaluation, and denial, Complaint, ¶¶ 12, 15, 17, 24-25, 27-29, 33, 35-38, and 40-46, Bestow Agency had neither the right nor the responsibility to investigate claims, to evaluate the potential for coverage, to conduct contestability investigations, or to decide whether or not to pay Plaintiff's claim. *See* Bill Declaration, ¶ 3; Hopley Declaration, ¶ 2 (Removal Exhibits 1.A and 1.B).

Consistent with the claims correspondence referenced, relied upon, and quoted throughout the Complaint, North American –and *only* North American– conducted the contestability investigation leading to the conclusion that the contract was subject to rescission. Bill Declaration, ¶ 3; Hopley Declaration, ¶ 3. North American –and *only* North American– made the decision to rescind the policy and to deny Plaintiff's claim for benefits. Bill Declaration , ¶ 4; Hopley Declaration, ¶¶ 3-4.

Indeed, when Plaintiff's counsel attempted to ensnare Bestow Agency in this dispute in order to lay the groundwork for evading federal court jurisdiction, counsel was told what already was readily apparent from North American's written claims communications – namely, that North American was *solely* responsible for its claims investigations and decisions, and that Bestow Agency played *no role whatsoever* in concluding the contract was subject to rescission or denying the Plaintiff's claim for benefits. Bill Declaration, ¶¶ 4-6. Specifically, Plaintiff's counsel was advised:

> Dear Mr. Martin:
>
> I am writing in response to your letter dated November 22, 2023 addressed to Jonathan Abelmann on behalf of your client, Jamie Lopez, challenging the claims decision of the North American Company for Life and Health ("North American") related to the policy issued by North American on the life of Alexander Lopez.
>
> While we sympathize with the challenges Mrs. Lopez faces as a result of the loss of her husband, Bestow Agency LLC ("Bestow") is not in any way responsible for North American's claims decision on the policy in question. The sole authority, and therefore sole responsibility, for that decision rests with North American. As you know, North American has previously communicated the basis for its decision directly to you in its letter dated December 13, 2023, which I have attached for your reference as Exhibit A hereto.
>
> Once again, we sympathize with Mrs. Lopez loss, but we direct you to North American, if you have additional information for consideration as stated in their letter of December 13, 2023.
>
> Sincerely,
>
> *[signature]*
>
> Christopher P. Laia
> General Counsel

*Id.*, Removal Exhibit 1.B.

Despite receiving *North American* claims forms and *North American* claims communications demonstrating *North American*'s sole responsibility for denying Plaintiff's claim, and after receiving the January 3, 2024 letter from Bestow Agency confirming it was "not in any way responsible for North American's claims decision on the policy in question," these undisputed "discrete facts" were "misstated and omitted" from the Complaint filed just one month later.

Even if collective allegations of misconduct asserted indiscriminately against an insurance company and its agent were permissible to demonstrate that a "plausible claim" has been asserted against the non-diverse defendant (though such is not the law), these omitted "discrete facts" that are subject to this Court's review through the piercing of the pleadings demonstrate "'that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover'"

against Bestow Agency, rendering Bestow Agency's joinder in this action wholly improper. *Int'l Energy Ventures Management*, 818 F.3d at 205 (quoting *Smallwood*, 385 F.3d at 573).

4. **No Consent Required.** North American is not required to obtain Bestow Agency's consent to this removal because Bestow Agency is not a properly joined party. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been *properly* joined and served must join in or consent to the removal of the action."). When a party removes an action and asserts that a non-diverse party has been improperly joined, that improperly joined party's consent to removal is not required. *See, e.g., Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007); *Lall v. Bank of New York Mellon,* No. 3:18-CV-0498-C, 2018 WL 10435264, at *2 (N.D. Tex. Apr. 4, 2018) ("It is well established that a defendant removing an action to federal court need not obtain consent from a co-defendant that the removing defendant alleges was improperly joined").

5. **State Court Documents**. North American was served with process on February 15, 2024. Accordingly, removal is timely under 28 U.S.C. §1446(b). North American has attached to this notice the citation and original petition served upon North American, an index of the state court pleadings, the state court file, and a current copy of the docket sheet. *See* Removal Exhibit 3.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the clerk of the state court and provided to all parties named in the Complaint.

6. **Request to Assume Jurisdiction.** North American requests that the United States District Court for the Northern District of Texas, Dallas Division, accept this Notice of Removal and assume jurisdiction over this action.

Dated: March 7, 2024                              Respectfully submitted,

                                                By: /s/ *Amanda Sotak*
                                                     Amanda Sotak
                                                     State Bar No. 24037530
                                                     amanda.sotak@figdav.com
                                                   **FIGARI + DAVENPORT, LLP**
                                                   901 Main Street, Suite 3400
                                                   Dallas, Texas 75202
                                                   (214) 939-2000
                                                   (214) 939-2090 (Fax)

                                                   *-and-*

                                                   Paul F. Heaton (*PHV forthcoming*)
                                                   pheaton@gklaw.com
                                                   Hunter Van Asten (*PHV forthcoming*)
                                                   hvanasten@gklaw.com
                                                 **GODFREY & KAHN, S.C.**
                                                   833 E. Michigan St., Ste. 1800
                                                   Milwaukee, WI 53202
                                                   (414) 273-3500
                                                   (414) 273-5198 (Fax)

                                                   **ATTORNEYS FOR DEFENDANT NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE**

<u>**CERTIFICATE OF SERVICE**</u>

    I hereby certify that on March 7, 2024, this document was served, via email, on all attorneys deemed to accept electronic service in this matter through the Court's electronic filing system.

                                                   /s/ *Amanda Sotak*
                                                   Amanda Sotak