IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMIE LOPEZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C.A. No. 3:24-cv-567-E |
| | § | |
| NORTH AMERICAN COMPANY | § | |
| FOR LIFE AND HEALTH | § | |
| INSURANCE and BESTOW | § | |
| AGENCY, LLC, | § | |
| | § | |
| *Defendants.* | § | |

### NORTH AMERICAN'S ORIGINAL ANSWER TO
### PLAINTIFF'S PETITION AND ORIGINAL COUNTERCLAIMS

COMES NOW, North American Company for Life and Health Insurance ("North American"), and hereby submits its Original Answer to Plaintiff's Original Petition [Doc. 1-3 at 5-42 (the "Petition")] and Original Counterclaims, as follows:

#### ORIGINAL ANSWER

### I.  RESPONSE TO
### ALLEGATIONS DIRECTED TO DISCOVERY CONTROL PLAN

1.      Answering ¶ 1 of the Petition, North American asserts that the Texas Rules of Civil Procedure are inapplicable as this matter has been removed to the United States District Court for the Northern District of Texas and is thus subject to the Federal Rules of Civil Procedure.

## II. RESPONSE TO
## ALLEGATIONS CONCERNING THE PARTIES

2.    Answering ¶ 2 of the Petition, based on information supplied by Jamie Lopez ("Plaintiff") during the claims process, admitted.

3.    Answering ¶ 3 of the Petition, North American denies that its name is "North American Company Life and Health," and affirmatively alleges that its actual name is North American Company for Life and Health Insurance. North American admits the balance of the allegations of ¶ 3 of the Petition.

4.    Answering ¶ 4 of the Petition, North American admits the substantive allegations, but denies that Bestow Agency, LLC ("Bestow") has been properly joined in this action.

## III. RESPONSE TO
## ALLEGATIONS DIRECTED TO VENUE AND JURISDICTION

5.    Answering ¶ 5 of the Petition, North American denies that Bestow is a properly joined party whose principal place of business is relevant to venue or jurisdiction of this Court, and therefore denies these allegations. North American affirmatively alleges that the allegations are irrelevant to the federal court venue of this removed action.

6.    Answering ¶ 6 of the Petition, North American denies that the state court has jurisdiction over this removed action, and affirmatively alleges that jurisdiction is proper before the United States District Court for the Northern District of Texas because there is complete diversity between the only true and properly joined parties to this action, as North American and Plaintiff Jamie Lopez are citizens of different states. North American further

alleges that the amount in controversy exceeds $75,000, exclusive of interest and costs, based on the (disputed) allegations in the Petition.

## IV.  RESPONSE TO
## ALLEGATIONS DIRECTED TO RULE 47 STATEMENT

7.     Answering ¶ 7 of the Petition, North American asserts that the Texas Rules of Civil Procedure are inapplicable as this matter has been removed to the United States District Court for the Northern District of Texas and is thus subject to the Federal Rules of Civil Procedure, and North American denies that Plaintiff is entitled to any of the relief requested in the Petition.

## V.  RESPONSE TO
## STATEMENT OF ALLEGED FACTS

8.     Answering ¶ 8 of the Petition, North American admits that on June 14, 2021, the company was induced to approve and issue a $950,000 life insurance contract purporting to insure the life of Alexander Lopez based on his responses to the questions posed in the application for that life insurance contract. North American denies that any valid contract of insurance was issued because Alexander Lopez intentionally misrepresented and concealed his true medical history and because no coverage would have been approved if Alexander Lopez had responded truthfully and accurately to the questions posed to him. North American admits that Bestow served as an administrative agent, and denies the balance of the allegations of this paragraph of the Petition. North American denies that a complete copy of the fraudulently induced contract has been attached to the Petition within Exhibit A, and affirmatively alleges, for example, that the

contract issued and delivered to Alexander Lopez included as a part of the contract the application that Alexander Lopez had submitted to North American.

9.     Answering ¶ 9 of the Petition, North American admits that Alexander Lopez died on November 30, 2022, denies that this paragraph provides a complete and accurate description of the death certificate, and asserts that North American lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations of ¶ 9 of the Petition, and therefore denies such allegations.

10.     Answering ¶ 10 of the Petition, North American admits that Plaintiff applied for benefits under the policy on December 7, 2022 and that this claim for benefits was denied. North American lacks knowledge or information sufficient to form a belief about the truth of the allegations reflecting Plaintiff's alleged expectations. North American denies that the allegations of ¶ 10 accurately or completely describe the circumstances, details or rationale of North American's claim decision and claim communications, and therefore denies the balance of the allegations of ¶ 10 of the Petition.

11.     Answering ¶ 11 of the Petition, North American admits that the company identified intentional and material misrepresentations by Alexander Lopez that had induced the company to approve and issue a contract that would not have been issued if truthful and accurate responses had been given to North American, but North American denies that the allegations of ¶ 11 accurately or completely describe the circumstances, details or rationale of North American's claim decision and claim communications, and therefore denies the balance of the allegations of ¶ 11 of the Petition. North American specifically denies that the allegations of ¶ 11 provide a complete or accurate description of the content

of North American's claims communication to Plaintiff, and affirmatively alleges that the actual claims communication is reflected verbatim in Removal Exhibits 2.A and 2.C, Doc. 1-2, pages 5 through 17 and pages 23 through 34 respectively (together, "North American Claims Correspondence"). North American incorporates by reference the North American Claims Correspondence in response to the allegations in ¶ 11 of the Petition.

12.    Answering ¶ 12 of the Petition, North American denies that these allegations provide a complete or accurate description of the North American Claims Correspondence, the contents of the life insurance application questions, or Alexander Lopez's responses to those questions, and incorporates by reference the North American Claims Correspondence in response to ¶ 12 of the Petition. North American denies the allegations of ¶ 12 of the Petition to the extent those allegations are inconsistent with the actual contents of the documents referenced, and specifically alleges that Alexander Lopez, as the applicant, made intentional and material misrepresentations in response to the questions posed in the application.

13.    Answering ¶ 13 of the Petition, North American admits the allegations in the first and third sentences of the paragraph. North American denies the allegations in the second sentence of the paragraph, that all conditions precedent to collection under the policy were met, and alleges that a condition precedent to coverage in the first instance was not met.

## VI.  RESPONSE TO
## ALLEGATIONS OF AGENCY AND RESPONDEAT SUPERIOR

14.    Answering ¶ 14 of the Petition, North American admits that Bestow acted as North American's administrative agent; denies that Bestow played any role in the investigation, evaluation, or disposition of Plaintiff's claim for benefits; denies that Bestow or any other person was authorized to engage in any improper conduct; denies that North American authorized or ratified any wrongful act; denies that any wrongful act was committed by North American or any of its authorized representatives; and denies the balance of the allegations of ¶ 14 of the Petition.

15.    Answering ¶ 15 of the Petition, North American admits that Bestow acted as North American's administrative agent; denies that Bestow played any role in the investigation, evaluation, or disposition of Plaintiff's claim for benefits; denies that Bestow or any other person was authorized to engage in any improper conduct; denies that North American authorized or ratified any wrongful act; denies that any wrongful act was committed by North American or any of its authorized representatives; and denies the balance of the allegations of ¶ 15 of the Petition.

## VII.  RESPONSE TO
## ALLEGATIONS OF BREACH OF CONTRACT

16.    Answering ¶ 16 of the Petition, North American incorporates by reference all prior paragraphs of this Answer as if set forth in full in this responsive paragraph.

17.    Answering ¶ 17 of the Petition, North American denies that the policy was ever in full force or effect because Alexander Lopez was not in the state of health described in his application at the time the policy was approved and issued based on the contents of

that application, and further, affirmatively alleges that the contract was subject to rescission based on Alexander Lopez's intentional and material misrepresentations that induced the issuance of the contract on false pretenses. North American admits that Bestow acted as North American's administrative agent; denies that Bestow played any role in the investigation, evaluation, or disposition of Plaintiff's claim for benefits. North American denies that Exhibit B of the Petition reflects a complete and accurate copy of the materials referenced in ¶ 17 of the Petition; denies that North American refused to process the claim; admits that Plaintiff presented proof of Alexander Lopez's death; and denies the balance of the allegations of ¶ 17 of the Petition.

## VIII.  RESPONSE TO
## ALLEGATIONS OF VIOLATIONS OF THE TEXAS INSURANCE CODE

18.    Answering ¶ 18 of the Petition, North American incorporates by reference all prior paragraphs of this Answer as if set forth in full in this responsive paragraph.

19.    Answering ¶ 19 of the Petition, North American denies that these allegations provide a complete and accurate description of the applicable provisions of the Texas Insurance Code or Section 541.060, and denies the allegations of ¶ 19 of the Petition to the extent these allegations do not accurately describe Texas law.

20.    Answering ¶ 20 of the Petition, North American denies that these allegations provide a complete and accurate description of the applicable provisions of the Texas Insurance Code or Section 541.061, and denies the allegations of ¶ 20 of the Petition to the extent these allegations do not accurately describe Texas law.

21.     Answering ¶ 21 of the Petition, North American denies that these allegations provide a complete and accurate description of the applicable provisions of the Texas Insurance Code or Section 542.003(b), and denies the allegations of ¶ 21 of the Petition to the extent these allegations do not accurately describe Texas law.

22.     Answering ¶ 22 of the Petition, North American denies that these allegations provide a complete and accurate description of the applicable provisions of the Texas Insurance Code or Section 542.058, and denies the allegations of ¶ 22 of the Petition to the extent these allegations do not accurately describe Texas law.

23.     Answering ¶ 23 of the Petition, North American denies that these allegations provide a complete and accurate description of the applicable provisions of the Texas Insurance Code or Section 542.060, and denies the allegations of ¶ 23 of the Petition to the extent these allegations do not accurately describe Texas law.

24.     Answering ¶ 24 of the Petition, denied.

25.     Answering ¶ 25 of the Petition, denied.

## IX.  RESPONSE TO ALLEGATIONS
## OF VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

26.     Answering ¶ 26 of the Petition, North American incorporates by reference all prior paragraphs of this Answer as if set forth in full in this responsive paragraph.

27.     Answering ¶ 27 of the Petition, denied.

28.     Answering ¶ 28 of the Petition, denied.

29.     Answering ¶ 29 of the Petition, denied.

## X. RESPONSE TO ALLEGATIONS
## OF BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

30.    Answering ¶ 30 of the Petition, North American incorporates by reference all prior paragraphs of this Answer as if set forth in full in this responsive paragraph.

31.    Answering ¶ 31 of the Petition, North American denies that these allegations provide a complete and accurate description of the Texas law and denies the allegations of ¶ 31 of the Petition to the extent these allegations do not accurately describe Texas law.

32.    Answering ¶ 32 of the Petition, North American denies that these allegations provide a complete and accurate description of the Texas law and denies the allegations of ¶ 32 of the Petition to the extent these allegations do not accurately describe Texas law.

33.    Answering ¶ 33 of the Petition, denied.

## XI. RESPONSE TO ALLEGED NEGLIGENCE

34.    Answering ¶ 34 of the Petition, North American incorporates by reference all prior paragraphs of this Answer as if set forth in full in this responsive paragraph.

35.    Answering ¶ 35 of the Petition, denied.

36.    Answering ¶ 36 of the Petition, denied.

37.    Answering ¶ 37 of the Petition, denied.

38.    Answering ¶ 38 of the Petition, denied.

## XII. RESPONSE TO
## ALLEGED NEGLIGENT MISREPRESENTATION

39.    Answering ¶ 39 of the Petition, North American incorporates by reference all prior paragraphs of this Answer as if set forth in full in this responsive paragraph.

39.      Answering ¶ 40 of the Petition, North American admits that North American made such representations to the Plaintiff, but denies that Bestow made any such representations to the Plaintiff, as Bestow played no role in the investigation, evaluation, or disposition of Plaintiff's claim for benefits.

40.      Answering ¶ 41 of the Petition, denied.

41.      Answering ¶ 42 of the Petition, denied.

42.      Answering ¶ 43 of the Petition, denied.

43.      Answering ¶ 44 of the Petition, denied.

## XIII.  RESPONSE TO
## ALLEGED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44.      Answering ¶ 45 of the Petition, North American incorporates by reference all prior paragraphs of this Answer as if set forth in full in this responsive paragraph.

45.      Answering ¶ 46 of the Petition, denied.

## XIV. RESPONSE TO
## REQUEST FOR ATTORNEY'S FEES

46.      Answering ¶ 47 of the Petition, North American incorporates by reference all prior paragraphs of this Answer as if set forth in full in this responsive paragraph.

47.      Answering ¶ 48 of the Petition, North American denies that Plaintiff is entitled to the relief requested in this paragraph.

## XV.  RESPONSE TO
## REQUEST FOR STATUTORY DAMAGES

48.      Answering ¶ 49 of the Petition, North American incorporates by reference all prior paragraphs of this Answer as if set forth in full in this responsive paragraph.

49.    Answering ¶ 50 of the Petition, North American denies that Plaintiff is entitled to the relief requested in this paragraph.

50.    Answering ¶ 51 of the Petition, North American denies the substantive allegations of misconduct and further denies that Plaintiff is entitled to the relief requested in this paragraph.

51.    Answering ¶ 52 of the Petition, North American denies the substantive allegations of misconduct and further denies that Plaintiff is entitled to the relief requested in this paragraph.

## XVI.  RESPONSE TO
## REQUEST FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

52.    Answering ¶ 53 of the Petition, North American denies that Plaintiff is entitled to the relief requested in this paragraph.

## XVII. RESPONSE TO
## INTENT TO USE DEFENDANTS' DOCUMENTS

53.    Answering ¶ 54 of the Petition, North American denies that the Texas Rules of Civil Procedure are applicable, as this matter has been removed to the United States District Court for the Northern District of Texas.

## XVIII.  RESPONSE TO JURY DEMAND

54.    Answering ¶ 55 of the Petition, North American admits that the Plaintiff has demanded a trial by jury.

## XIX.  RESPONSE TO REQUEST FOR RELIEF

55.    Answering ¶ 56 of the Petition, North American denies that Plaintiff has incurred any damages as a result of any wrongful conduct by North American or any of its

authorized representatives and further denies that Plaintiff is entitled to any of the relief requested in this paragraph.

## **AFFIRMATIVE DEFENSES**

1.     North American denies each and every allegation set forth in Plaintiff's Petition not otherwise expressly denied in this Answer and denies that Plaintiff is entitled to any of the relief requested in the Petition.

2.     The Petition fails to state a claim against North American upon which relief can be granted.

3.     Plaintiff has no standing to bring an action against North American related to the policy because it is void *ab initio*.

4.     Plaintiff has not suffered any compensable damages.

5.     Plaintiff's damages, if any, are not attributable to any act, conduct, or omission of North American, nor any person or entity for whose conduct North American is legally responsible.

6.     Plaintiff's damages, if any, were the result of Alexander Lopez's conduct.

7.     Plaintiff's damages, if any, were caused by the actions or inactions of persons over whom North American had no control or for whom North American is not liable or responsible.

8.     Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative responsibility set forth in Tex. Civ. Prac. & Rem. Code § 33.001, *et seq*., as her and/or Alexander Lopez's percentage of responsibility is greater than 50% for any damages that Plaintiff seeks to recover. Any recovery by Plaintiff must be reduced by a

percentage equal to her and/or Alexander Lopez's percentage of responsibility in accordance with TEX. CIV. PRAC. & REM. CODE § 33.012.

9.      Plaintiff's claims under the Texas Insurance Code are barred, in whole or in part, by her failure to give North American proper notice of her statutory claims.

10.     Plaintiff's claims for exemplary or punitive damages are limited by chapter 41 of the Texas Civil Practice and Remedies Code.

11.     North American and its employees and representatives at all times acted in good faith and with reasonable grounds for believing it did not violate any duties, responsibilities, or legal requirements.

12.     It has been necessary for North American to employ the services of an attorney to defend against the Petition, and reasonable sums should be allowed as and for attorney fees, together with costs expended in this action, in an amount to be determined by the Court after a final adjudication of the parties' substantive claims and defenses asserted in this action.

13.     North American has at all times material acted in good faith, consistent with its legal and contractual obligations, and is protected by the statutory and common law immunity and good faith provisions under applicable law governing the claims and defenses in this action.

14.     Plaintiff is not entitled to any of the relief sought in this action because the subject life insurance policy was void from the outset due to the failure to satisfy a condition precedent for coverage and separately and independently because the subject life insurance policy is the product of intentional and material misrepresentations by Alexander

Lopez and because no coverage would have been approved in any amount if Alexander Lopez had responded accurately and truthfully to the questions posed to him in the application.

15.     As the claimed third-party beneficiary under the purported life insurance contract, Plaintiff stands in the shoes of Alexander Lopez and purported policyowner, and all knowledge, acts, and omissions of Alexander Lopez are imputed to the Plaintiff, who has no greater rights or entitlements against North American than Alexander Lopez, North American's counterparty to the purported contract.

16.     North American incorporates by reference each of the allegations in support of its counterclaims, *infra*, as an affirmative defense to each of the Plaintiff's claims.

17.     Alexander Lopez's contributory negligence, fraud, and illegal conduct are imputed to the Plaintiff and bar her claims.

18.     Plaintiff is estopped from demanding benefits under the subject life insurance policy based on Alexander Lopez's conduct and intentional misrepresentations, as described in detail in the counterclaims, *infra*.

19.     Plaintiff's claims against North American are barred by the doctrine of waiver based on Alexander Lopez's waiver of any entitlement to life insurance coverage based on his intentional misrepresentations in the application, contrary to multiple written warnings he received concerning the consequences of such misrepresentations. *See* North American Claims Correspondence, Application Section Titled "**Legal**," pages 8 and 9, and Application Section Titled "**Signature**," page 10. *See also* Petition at Exhibit A, Policy

Cover Page, **RIGHT TO EXAMINE POLICY**; Policy, Section 3.1, **CONTRACT**; and Policy, Section 3.3, **INCONTESTABILITY**.[1]

### ORIGINAL COUNTERCLAIMS

North American, for its counterclaims against Plaintiff, alleges and states as follows:

### INTRODUCTION

1.      North American seeks declaratory relief from this Court confirming that there was never any valid contract formed in the first instance due to the failure of a condition precedent for coverage contained in the Effective Date clause in the application, and separately and independently, declaring that the subject life insurance policy is rescinded because the policy was procured on the grounds of intentional and material misrepresentations of fact.

2.      Upon submitting his June 14, 2021 application seeking $950,000 of life insurance coverage, Alexander Lopez intentionally misrepresented and concealed significant information concerning his health and medical history that was material to North American's decision to issue the requested coverage. North American never would have approved the request for coverage or issued the policy if Alexander Lopez had responded truthfully and accurately to the questions posed in the application.

---

[1] North American denies that Exhibit A to the Petition includes a complete copy of the fraudulently induced contract, and affirmatively alleges, for example, that the actual fraudulently induced contract included a copy of the application that had been submitted by Alexander Lopez to North American.

## JURISDICTION AND VENUE

3.      This Court has diversity jurisdiction over this counterclaim under 28 U.S.C. § 1332(a)(1).

4.      North American is an Iowa corporation with its principal place of business in West Des Moines, Iowa, and is thus a citizen of the state of Iowa. North American has at all times material to this action been duly licensed to conduct insurance operations in the state of Texas and within this judicial district.

5.      Based on information supplied by Plaintiff during the claims process, and confirmed through North American's own investigation, Plaintiff at all times material to this action is and was an individual citizen of the state of Texas, residing at 2309 Wakeforest Court, Arlington, Texas 76012.

6.      Since this matter seeks judicial confirmation that no valid contract of insurance was ever in force, and alternatively, seeks judicial rescission of the $950,000 policy at issue, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

7.      Venue is proper in this district because Plaintiff lives in this judicial district, because the policy was applied for in Texas within this judicial district, and because North American delivered the contract to Alexander Lopez within this judicial district in the state of Texas.

### FACTS SUPPORTING NORTH AMERICAN'S COUNTERCLAIMS

8.      During all times material to this action, North American used an online portal hosted by Bestow on North American's behalf to solicit applications for insurance coverage from various consumers, including Alexander Lopez.

9.      The online portal applies North American's underwriting standards to the facts disclosed by applicants in response to questions posed in the online applications to determine, automatically and programmatically, whether and on what terms to issue the requested life insurance coverage.

### ALEXANDER LOPEZ SUBMITS THE JUNE 14, 2021 APPLICATION

10.      On June 14, 2021, Alexander Lopez accessed North American's online portal and completed, signed and submitted to North American an online application for $950,000 of life insurance coverage (the "Application").

11.      Among other questions posed, Question 9 required Alexander Lopez to disclose any surgery, tests, or procedures (other than for HIV) that his doctors had recommended during the twelve months preceding his submission of the Application. Alexander Lopez responded by denying that any such surgery, tests, or procedures had been recommended by his doctors, answering, "none of the above":

> 9.  In the past 12 months, has a medical professional advised you to have: (select all that apply)
>   ☐ Surgery
>   ☐ Any test or procedure (other than for HIV)
>   ☒ None of the above

12.     Further, Question 12 required Alexander Lopez to disclose whether, among other medical conditions, he had been diagnosed or treated by his doctors for depression or other mental health disorder during the ten years preceding the submission of the Application. Once again, he responded by denying that he had been diagnosed or treated for any mental health disorder during that time period, again answering, "none of the above":

13. Upon submitting the Application to North American, Alexander Lopez agreed that no coverage would go into effect if the proposed insured (Alexander Lopez) was not in the state of health described in the application:

**Effective Date**
Any insurance issued as a result of this application will not take effect until the full first premium is paid and the contract is delivered to and accepted by the Owner during the lifetime of any person proposed for insurance and while such person is in the financial condition and state of health described in all parts of this application. For Reinstatements, the reinstatement is effective as of the date approved by the Company, all required premium is paid and while the Proposed Insured is living and in the same state of health as stated in all parts of this application.

14. Further, Alexander Lopez certified that his responses to the questions posed in the Application were complete and true to the best of his knowledge and belief. *See* Application at 8. Alexander Lopez was informed and warned that any "person who knowingly presents a false statement in an application for insurance may be guilty of a criminal offense and subject to penalties under state law." *Id*. at 10.

15. Reasonably and justifiably relying on the truth and accuracy of the answers and factual representations in the Application, including Alexander Lopez's denial of any recommended surgeries, tests, or procedures within the preceding twelve months, and his denial of any diagnosis or treatment for depression or other mental health disorders during the preceding ten years, North American approved the request for $950,000 of life insurance coverage.

16. On June 14, 2021, Alexander Lopez accepted electronic delivery of the contract (including the Application he had just completed, signed and submitted). During the course of submitting the Application, Alexander Lopez also entered his credit card

information, authorizing North American to draw funds from his account, thereby paying the first monthly premium of $183.33 for the requested coverage that same date.

## NORTH AMERICAN DISCOVERS THE FRAUD

17.    On December 7, 2022, Alexander Lopez's surviving spouse, Jamie Lopez, Plaintiff in this action, notified North American of her husband's November 30, 2022 death. Because Alexander Lopez had died within the two-year contestability period, North American advised Plaintiff that it was conducting a contestability review to determine, as a part of the claims process, whether Alexander Lopez had made any intentional and material misrepresentations to North American in the Application.

18.    Unfortunately, upon obtaining and reviewing records of Alexander Lopez's medical history, diagnoses, and treatment from multiple health care providers, North American discovered that he had misrepresented and concealed significant facts concerning his recent and ongoing health problems and medical history that would have prevented any coverage from being approved or issued if those facts had been disclosed (rather than concealed).

19.    The contents of those medical records, the sequence of events reflected in those records, and additional facts gathered by North American during its contestability review confirm that on June 14, 2021, the date Alexander Lopez submitted his Application for $950,000 of life insurance coverage to North American, he was acutely aware of his worsening and rapidly progressing medical problems and symptoms that had prompted him to seek advice and treatment from his doctor.

20.     North American discovered during its investigation that in May of 2021, Alexander Lopez had been experiencing significant, recurrent, and increasingly severe discomfort and health problems, including persistent difficulty swallowing liquid and solid food; chest pain when attempting to swallow; unexplained weight loss; abdominal pain; acid reflux; and heart burn.

21.     On May 19, 2021, Alexander Lopez consulted with Dr. Arnold J. Morris, III concerning his symptoms, and immediately was diagnosed with "unexplained dysphagia" (Int'l Classification of Disease-10 Code 13.10 ("ICD Code-10: R13.10 – Dysphagia, Unspecified)); and gastroesophageal reflux disease (ICD Code 10: K21.9 – Gastro-esophageal reflux disease without esophagitis).

22.     Dysphagia is the medical term for ongoing and significant difficulties swallowing liquid and solid food. Ongoing dysphagia can be a sign of a serious medical problem, and cancer is one of the common causes of dysphagia, including cancer of the mouth, the throat–and the esophagus (Alexander Lopez's eventual diagnosis). *See* Cancer.Net (Difficulty Swallowing or Dysphagia).[2]

23.     Symptoms of dysphagia include pain while swallowing; persistent difficulty swallowing liquids and/or solid foods; feeling as if food is stuck in the throat or chest; drooling; hoarseness; regurgitation of food; frequent heartburn; food or stomach acid backing up into the throat; weight loss; and coughing or gagging when swallowing.

---

[2]https://www.cancer.net/coping-with-cancer/physical-emotional-and-social-effects-cancer/managing-physical-side-effects/difficulty-swallowing-or-dysphagia#:~:text=Causes%20of%20swallowing%20problems,Radiation%20therapy (last visited March 14, 2024).

24.    Dr. Morris immediately prescribed Protonix (Pantoprazole Tablets) to be taken on a daily basis, and also referred Alexander Lopez for an upper endoscopy to determine the cause of his persistent, significant, and worsening physical problems and symptoms. An upper endoscopy is a medical procedure allowing doctors to visually examine the patient's upper digestive system, conducted by inserting a long, flexible tube equipped with a tiny camera into the patient's mouth and down the patient's throat, as depicted here:



25.    Dr. Murphy recorded in the May 19, 2021 treatment record for Alexander Lopez that he had spent time counseling and educating him concerning that day's medical visit.

26.    On June 14, 2021, after experiencing rapid weight loss and a worsening of his multiple physical symptoms over the four weeks following his doctor's recommendation for an endoscopy, Alexander Lopez completed, signed and submitted his Application for $950,000 of life insurance coverage to North American.

27.     Although he had just been diagnosed with "unexplained dysphagia," and although his doctor had recommended that an endoscopy be performed to identify the cause of his serious and persistent symptoms, Alexander Lopez denied in response to Question 9 in the Application that any of his doctors had recommended any medical tests or procedures.

28.     Two days after submitting the Application for $950,000 of life insurance coverage, Alexander Lopez reported to Dr. Murphy during another consultation that over the preceding four weeks, he had been experiencing a progression and worsening of his symptoms. Dr. Murphy recorded in the June 16, 2021 treatment notes:

> ***The problem is severe***. ***The problem has worsened***. ***The symptoms are constant***. The location is epigastric [the upper region of the abdomen]. ***The quality of the pain is achy, sharp and stabbing***. These symptoms occur after meals. Aggravating factors include alcohol. Aggravated by additional comments: steak. ***The patient denies relieving factors***. ***Pertinent negatives include back pain, blood in stool, diarrhea, dyspnea, fever, heartburn, hematuria, rash, weight gain and weight loss***. Additional information: early satiety, pain after food, dysphasia [speech impairment].

29.     When responding to Question 9 in the Application, Alexander Lopez was acutely aware that he had been experiencing recurring symptoms so severe that his doctor had recommended an endoscopy be performed to identify the cause of his pain, discomfort, rapid weight loss, and myriad physical symptoms he had been experiencing. He nonetheless denied any such tests or procedures had been recommended, concealing this important information from North American. Alexander Lopez's false denial was knowing, deliberate, and intentionally false.

30.    Further, contrary to his response to Question 12 asking if he had been diagnosed or treated for depression or any other mental health disorder, North American discovered during its investigation that Alexander Lopez had been diagnosed and treated for depression and other mental health disorders since July of 2016, including, without limitation, Attention-Deficit / Hyperactivity Disorder (ADHD) and Anxiety Disorder.

31.    Contrary to his denial of any diagnoses of or treatment for depression or other mental health disorders during the preceding ten years, Alexander Lopez knew when he responded to Question 9 that he had been seeing his doctor once every four weeks since November of 2017 for ongoing consultation and treatment for his multiple mental health disorders.

32.    Alexander Lopez knew when he denied any such diagnoses or treatment that his problems had been causing him problems at work on a daily basis; that the difficulties arising from his mental health issues occurred "constantly;" that he had been experiencing these problems his entire adult life; that "functioning was very difficult" for him; that he had "compulsive thoughts" and "excessive worry;" that his anxieties were exacerbated by "social interactions;" and that his problems had grown worse over the years.

33.    Alexander Lopez knew when he denied any diagnoses or treatment for depression or other mental health disorders that he had just seen his doctor for these problems; that he had been seeing his doctor for these very problems one a month; and that he had another appointment scheduled to treat his condition in just two days. His false response to Question 12 was knowing, deliberate, and intentionally false.

34.    If Alexander Lopez had responded truthfully and accurately to the questions posed to him in the Application, no coverage whatsoever would have been approved by North American and the company never would have issued the subject life insurance policy to him.

35.    Because truthful and accurate responses to the application questions would have resulted in the automatic rejection of his request for coverage based on the programmed underwriting standards built into the online facility, Alexander Lopez's intentional misinformation conveyed to North American indisputably was material to North American's decision whether and on what terms to approve the requested policy. North American reasonably and justifiably relied upon the truth and accuracy of Alexander Lopez's responses to the Application questions.

36.    Upon discovering these grounds for declaring the contract void from the outset and for rescinding the policy, North American advised Plaintiff in writing that her claim for benefits must be denied because there was no valid and enforceable contract of insurance. North American reiterated the grounds for the rescission of the policy and the denial of the claim for benefits in a subsequent letter sent to Plaintiff's legal counsel responding to his questions and criticisms of North American's claim decision. *See* North American Claims Correspondence, which is incorporated by reference in support of North American's counterclaims.

## COUNT I:
## DECLARATORY JUDGMENT–RESCISSION

37.    North American realleges and incorporates by reference all of the allegations set forth in the *Facts Supporting Counterclaims* section of this pleading.

38.    This claim is brought under 28 U.S.C. § 2201(a), seeking a judicial declaration that the policy is rescinded on the grounds of Alexander Lopez's intentional and material misrepresentations of fact in the Application.

39.    When Alexander Lopez submitted his life insurance Application on June 14, 2021, he knew that his responses to Questions 9 and 12 were false; he knew that his Application for coverage would be accepted or rejected on the basis of his answers; and he intentionally conveyed false facts to North American and intentionally concealed his medical condition and history for the specific purpose of securing the requested $950,000 in coverage.

40.    North American issued the policy in reasonable and justifiable reliance upon the truth and accuracy of Mr. Lopez's answers and representations in the Application.

41.    If Alexander Lopez had provided truthful and accurate responses to the questions posed to him in the Application, based on its pre-programmed underwriting standards, the online application portal would have rejected the request for coverage, and North American would not have issued any life insurance policy to Alexander Lopez.

20.    Accordingly, North American is entitled to a declaration that the policy is properly rescinded; that no benefits are payable to Plaintiff or to any other person; and that the claim for benefits was properly denied.

21.    Based on the egregious nature of the two misrepresentations that have been identified by North American, it is reasonable to be concerned that there may be additional misrepresentations in the Application. Accordingly, North American reserves the right to rely upon any such misrepresentations as further support for its claim decision.

22.    North American already tendered a refund of the premiums paid for the policy. *See* North American Claims Correspondence. North American renews this tender of the premium refund, with interest, and stands ready to deposit this premium refund, with interest, with the Clerk of Courts, upon direction from this Court.

## COUNT II:
## DECLARATORY JUDGMENT–FAILURE OF CONDITION PRECEDENT

42.    North American realleges and incorporates by reference all of the allegations set forth in the *Facts Supporting Counterclaims* section of this pleading as well as the allegations in support of Count I.

43.    Pursuant to 28 U.S.C. § 2201(a), North American seeks a judicial declaration that no life insurance coverage or insurance contract went into effect due to the failure of the condition precedent contained in the Effective Date clause.

44.    Because Alexander Lopez was not in the state of health described in the Application, no valid contract of insurance went into effect due to the failure of the condition precedent contained in the Effective Date clause in the Application.

45.    While the Application described a proposed insured who had not been diagnosed with or treated for depression or any other mental health disorders during the

preceding ten years, Alexander Lopez's medical history did include such diagnoses and treatment.

46.     Further, while the Application described a proposed insured whose state of health had not required his doctors to recommend undergoing any medical tests or procedures during the preceding twelve months, Alexander Lopez's doctor had recommended that an upper endoscopy be conducted to determine the cause of his unexplained dysphagia and the other disturbing physical symptoms and problems he had been experiencing and had reported to his doctor.

47.     Accordingly, Alexander Lopez was not in the state of health described in the Application at the time that coverage otherwise would have gone into effect, *i.e.*, as of June 14, 2021.

48.     Based on the circumstances described in the preceding paragraphs of these counterclaims, it is reasonable to be concerned that there may be additional grounds to conclude that Alexander Lopez was not in the state of health described in the Application. Accordingly, North American reserves the right to rely upon any such additional facts as further support for its claim decision.

49.     North American already tendered a refund of the premiums paid for the policy. *See* North American Claims Correspondence. North American renews this tender of the premium refund, with interest, and stands ready to deposit this premium refund, with interest, with the Clerk of Courts, upon direction from this Court.

## COUNT III:
## ATTORNEYS' FEES

50.     Plaintiff's claims against North American under the Texas Insurance Code are groundless and brought in bad faith or for the purpose of harassment. Pursuant to TEX. INS. CODE § 541.153, North American is entitled to recover its reasonable and necessary attorneys' fees and court costs from Plaintiff, for which it now sues.

## PRAYER FOR RELIEF

WHEREFORE, North American requests that judgment be entered in its favor as follows:

a)  Dismissal of the claims asserted by Plaintiff against North American with prejudice, awarding North American such additional relief that the Court deems appropriate and equitable;

b)  Granting the declaratory relief requested in Count I of North American's counterclaims, confirming that the policy is rescinded and void, and extinguishing all rights, entitlements, and benefits that would otherwise have been payable to Plaintiff or to any other putative beneficiary;

c)  Granting the declaratory relief requested in Count II of North American's counterclaims, confirming that the policy was void from the outset due the failure of a condition precedent, and confirming that no benefits are payable to Plaintiff or to any other putative beneficiary;

d)  Granting the relief requested in Count III of North American's counterclaims and awarding North American its attorney's fees and court costs; and

e)  Granting and awarding any other relief the Court deems equitable, just, and proper.

## NORTH AMERICAN REQUESTS TRIAL BY JURY
## OF ALL ISSUES SO TRIABLE.

Dated: March 7, 2024                     Respectfully submitted,

                                         By:  */s/ Amanda Sotak*
                                             Amanda Sotak
                                             State Bar No. 24037530
                                             amanda.sotak@figdav.com
                                             **FIGARI + DAVENPORT, LLP**
                                             901 Main Street, Suite 3400
                                             Dallas, Texas 75202
                                             (214) 939-2000
                                             (214) 939-2090 (Fax)

                                             *-and-*

                                             Paul F. Heaton (*PHV forthcoming*)
                                             pheaton@gklaw.com
                                             Hunter Van Asten (*PHV forthcoming*)
                                             hvanasten@gklaw.com
                                             **GODFREY & KAHN, S.C.**
                                             833 E. Michigan St., Ste. 1800
                                             Milwaukee, WI 53202
                                             (414) 273-3500
                                             (414) 273-5198 (Fax)

                                             **ATTORNEYS FOR DEFENDANT NORTH
                                             AMERICAN COMPANY FOR LIFE AND HEALTH
                                             INSURANCE**

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2024, this document was served on all attorneys deemed to accept electronic service in this matter through the Court's electronic filing system.

                                         */s/ Amanda Sotak*
                                         Amanda Sotak